UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Arne Sverre Rodley, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 03-0918 (GK) |
| | : | |
| Harley G. Lappin, Director of | : | |
| the Federal Bureau of Prisons, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

This matter is before the Court to determine the appropriate remedy for the Bureau of Prisons' violation of the rule-making provisions of the Administrative Procedure Act ("APA"). *See* Memorandum Opinion of February 1, 2005. Upon consideration of the parties' briefs, controlling case law, the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, and the entire record, the Court will remand the case to the Bureau of Prisons for compliance with the APA's rule-making procedures without vacating the offending provision.[1]

The PLRA provides as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1). Plaintiff seeks vacatur and the return of his presentence report ("PSR").

---

[1] The challenged provision prohibits inmates from "obtaining and possessing photocopies of their Pre-sentence Reports (PSR) and the Statement of Reasons (SOR) from their Judgment(s) in a Criminal Case." Program Statement 1351.05 at 4, ¶ 2 (attached as Exhibit A to Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, and Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss [Dkt. No. 46]).

Contrary to his position, *see* Plaintiff's Opposition to Defendant's Motion on Remedy at 3, vacatur is not required in every instance that the APA is violated.  Sugar Cane Growers Co-op. of Florida v. Veneman, 289 F.3d 89, 98 (D.C. Cir. 2002).  Rather "the decision whether to vacate [agency action found violative of the APA] depends on the seriousness of the order's deficiencies . . . and the disruptive consequences of an interim change that may itself be changed."  Id. (quoting Allied-Signal, Inc. v. United States Nuclear Regulatory Commission, 988 F.2d 146, 150-51 (D.C. Cir. 1993)) (internal quotation marks and other citation omitted).

The security concerns supporting the initial rule disfavor vacatur.  It cannot be disputed that PSRs and SORs contain sensitive information about the particular subject and, at times, third parties.  BOP has documented numerous very serious incidents in which prisoners have been threatened or harmed by other prisoners attempting to obtain their PSRs.  *See* Defendant's Brief Regarding Appropriate Remedy, Declaration of John M. Vanyur ¶ 7.  It cannot be reasonably "doubt[ed]" that the agency action is based on legitimate security and safety concerns, Sugar Cane Growers Co-op. of Florida v. Veneman, 289 F.3d at 151, to which the Court must accord great deference, Turner v. Safley, 482 U.S. 78, 86-87 (1987), and "give substantial weight."  18 U.S.C. § 3626(a)(1).[2]  Nor can it be reasonably argued that vacatur would not disrupt what has been the status quo since November 2002.  Vacatur of this nationwide policy would likely instigate a flood of prisoner requests for PSRs and SORs.  Not only will this resurrect the security concerns underlying the rule, but it will also compel BOP to release into the prison population documents that most likely will be recalled at the

---

[2] "The purpose of this prohibition is to protect inmates from being coerced by other inmates to produce their PSRs and SORs for illicit purposes."  P.S. 1351.05 at 4, ¶ 2.  Among the reasons stated for implementing the rule is the "Bureau['s]" documentation of "an emerging problem where inmates pressure other inmates for a copy of their PSRs and SORs to learn if they are informants, gang members, have financial resources, etc."  *Id*. at 24.

conclusion of the rule-making process. Defendant asserts that it has begun the rule-making process and estimates that it could take until approximately the end of this year to complete. Defendant's Brief Regarding Appropriate Remedy, Declaration of Sarah Qureshi ¶¶ 2-4. Meanwhile, procedures are in place for Plaintiff to access his PSR, to take notes, and to file the document in court proceedings should the need arise. *See* Memorandum Opinion issued September 17, 2004 ("Mem. Op. I) at 3-4.[3]

The PLRA requires that the relief "extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). The Court previously determined that Plaintiff had not established a violation of his First Amendment right to access the courts. Mem. Op. I at 2-4. Thus, to compel the BOP to return Plaintiff's PSR to him would exceed the scope of the authorized remedy. To the extent that Plaintiff's right flows from the APA, Defendant correctly asserts that Plaintiff may vindicate that right by participating in the rule-making process through the notice and comment period.

For the preceding reasons, the Court will remand the case to the Bureau of Prisons for completion of the rule-making process, without vacating the challenged portion of Program Statement 1351.05. A separate Order of dismissal accompanies this Memorandum Opinion.

March 30, 2006

/s/
GLADYS KESSLER
U.S. District Judge

---

[3] The Memorandum Opinion was filed on September 20, 2004, as Document No. 49.